**STATE ex U. J. COVER SEED CO. v BROWN**

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3464. Decided Feb. 7, 1942.

Thomas J. Herbert, Attorney General, Columbus; Maurice L. Schellinger, Asst. Atty. General, Columbus, for respondent and for the demurrer.

T. B. Mateer, Mt. Gilead, and Sandles, Elliott & Ashbaugh, Columbus, for relator.

OPINION

BY THE COURT:

Submitted on general demurrer to the petition on the ground that it does not state facts which show a cause of action. The basis of the demurrer is that the petition neither in terms nor inferentially sets up any facts from which it may be found that relator does not have a plain and adequate remedy in the ordinary course of the law.

The demurrer is grounded upon the language of §12287 GC. Sec. 5805-13 GC accords to the relator the right of appeal from the action of the Director of Agriculture, which is the subject of the petition for mandamus, which appeal may be instituted within thirty days from the order refusing to grant, suspend or revoke the seed license.

At the time of oral presentation it was urged by the relator that although the quoted section provided statutory procedure to review the action of the respondent to which objection is interposed, such remedy is not adequate because the relief may not be afforded in timely manner.

The presumption is that when a civil remedy is set up in the statutes that it is adequate and complete. Unless it clearly appears that this is not the fact the writ of mandamus may not issue. We do not find sufficient subject matter in the petition to require us to hold that the remedy provided by law is inadequate; that the relief to be secured by invoking the statute will be just must be assumed. It would appear that the relief upon review under the statute would be as expeditious as could be anticipated if the cause went to judgment in this Court.

Sec. 5805-13 GC, gives the complaining party thirty days after the order complained of within which to perfect his appeal, but he may appeal immed-

iately or as soon as he can prepare the necessary procedural pleadings; so that at the time the petition in mandamus was filed in this Court there was available to relator the right of review by which it must be presumed he could have secured as prompt action in his behalf as could be obtained in this Court.

The terms of the §12287 GC, are so definite that we would be doing the relator a disservice to retain his case in this Court and thereby delay his judgment until after his time for review under the statute will have passed.

The demurrer will be sustained and the petition dismissed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.